HOBSON, Acting Chief Judge.
Appellants Richard Wampner and William Wolf seek reversal of a final summary judgment entered in favor of appellees Marshall and Reva Kent. We hold that, under the criteria set forth in Holl v. Talcott, 191 So.2d 40 (Fla.1966), appellees failed to meet their burden of showing an “absence of triable issues.” Therefore, we reverse the summary judgment.
The record shows that Wampner and Wolf were investors in Charger Marine, Inc., a financially distressed boat manufacturing company, then in Chapter 11 reorganization in federal bankruptcy court. Among the assets of the company were three buildings on which the Kents held a first mortgage. After the Kents acquired title to the buildings through mortgage foreclosure and conveyance from the trustee in bankruptcy, the court ordered the trustee to remove the equipment from the buildings by February 15, 1975.
Appellants held a security interest in the bankrupt corporation’s personal property and had begun negotiations to acquire the trustee’s interest in the subject equipment. A dispute ensued between appellants and the trustee which was not finally resolved until December, 1975.
On February 19, 1975, Marshall Kent wrote to the trustee, with copy to Wamp-ner, demanding that the equipment be removed by February 24, 1975 or he would place it outside the buildings. The equipment was not removed and, after a phone call and written notices to appellants and the trustee, the Kents, on March 3, 1975, caused the equipment to be moved outside into an uncovered, unfenced yard area. Subsequently the remaining equipment was hauled away as junk.
Appellants contend that even assuming appellees had the right to remove the equipment from their building, they had a duty to act reasonably under the circumstances and in a manner which would not subject the property knowingly to an unreasonable risk of loss or destruction. Moreover, whether appellees acted reasonably under the particular circumstances of this case was an ultimate fact within the province of the jury to determine.
We, therefore, reverse the summary judgment and remand the cause to the trial court for further action consistent with this opinion.
REVERSED and REMANDED.
OTT and RYDER, JJ., concur.